Clifford P. Bendau, II (030204)
THE BENDAU LAW FIRM PLLC
PO Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

**Jason Lyons**, individually, and on behalf of all others similarly situated,

          Plaintiffs,

vs.

**Zipps Mill Avenue, LLC**, an Arizona limited liability company, **Zipps Citadele, LLC**, an Arizona limited liability company, **Goldman Group, LLC**, an Arizona limited liability company, **Goldman Group II, LLC**, an Arizona limited liability company, **Goldman Group III, LLC**, an Arizona limited liability company, **Goldman Group IV, LLC**, an Arizona limited liability company, **Goldman Group VI, LLC**, an Arizona limited liability company, **Goldman Group VII, LLC**, an Arizona limited liability company, **Goldman Group VIII, LLC**, an Arizona limited liability company, **Goldman Group IX, LLC**, an Arizona limited liability company, **Goldman Group X, LLC**, an Arizona limited liability company, **Goldman Group XI, LLC**, an Arizona limited liability company, **Goldman Group XII, LLC**, an Arizona limited liability company, **Goldman Management, Inc.**, an Arizona corporation, **Neighborhood Restaurants, LLC**, an Arizona limited liability company, **H. Todd Goldman and Jane Doe Goldman I**, a married couple, **Philip Goldman and Jane Doe Goldman II**, a married couple, **Mark A. Goldman and Jane Doe Goldman**, a married couple,

          Defendants,

No. _____

**COLLECTIVE ACTION COMPLAINT FOR COMPENSATION UNDER 29 U.S.C. § 201,** *ET SEQ.*

**(Demand for Jury Trial)**

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

Plaintiff, Jason Lyons ("Plaintiff Lyons"), individually, and on behalf of all other persons similarly situated who are current or former servers, bartenders, bussers, and/or bar-backs of Defendants "Collective Members") alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff and the Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former servers, bartenders, bussers and/or bar-backs of Defendants who were compensated at a rate of less than the applicable Arizona and Federal minimum wage on account of receiving tips in a given workweek.

2.     Plaintiffs and the Collective Members bring this action against Zipps Sports Grill[1] for its unlawful failure to pay overtime and minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (hereinafter "FLSA").

3.     This is an action for equitable relief, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA.

4.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40 hour workweeks. The FLSA's definition of the term "wage," in turn, recognizes that under certain circumstances, an employer of tipped employees may credit a portion of its employees' tips

---

[1] For simplicity purposes, all Defendants to this action shall be collectively referred to as either "Zipps Sports Grill" or "Defendants" unless specified otherwise.

-2-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

2:16-cv-00414-SMM    Document 1    Filed 02/12/16    Page 3 of 25

against its minimum wage obligation, a practice commonly referred to as taking a "tip credit."

5.      Under the FLSA, employers must pay all non-exempt employees one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

6.      The Arizona Wage Act, and Arizona Revised Statutes ("ARS") § 23-363, establishes a minimum wage within the State of Arizona. ARS § 23-363 recognizes that, under certain circumstances, employers may impose a tip credit of the wages of their tipped employees of up to $3.00 per hour.

7.      The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA. See 29 U.S.C. § 218(a). Therefore, Federal law requires that all Arizona employers comply with the minimum wage standards set forth by the Arizona Wage Act and limits the maximum allowable tip credit to $3.00 per hour.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the

-3-

1
2

wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

3

**PARTIES**

4
5
6

10.    At all material times to the matters alleged herein, Plaintiff Lyons was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

7
8
9

11.    At all material times, Plaintiff Lyons was a full-time, non-exempt employee of Zipps Sports Grill from approximately February 1, 2014 through approximately September 30, 2014.

10
11
12
13
14

12.    At all material times, Plaintiff Lyons was employed by Zipps Sports Grill and paid as a tipped employee. Zipps Sports Grill employed Plaintiff Lyons to perform various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work.

15
16
17
18

13.    At all material times, Plaintiff Lyons was an employee of Zipps Sports Grill as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

19
20

14.    Plaintiff Lyons has given his written consent to be a party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto.

21
22
23
24
25

15.    Plaintiff Lyons brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former tipped employees, including but not limited to servers, bartenders, bar-backs, and bussers of Defendants who agree in writing to join this action seeking recovery under the FLSA.

26
27

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

16.    Plaintiff Lyons brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, Tipped Employees[2] whose hourly wages were subject to a tip credit and whose wages, therefore, were less than the applicable statutory minimum wage (hereinafter, the "Collective Members").

17.    The Collective Members are all current and former Tipped Employees who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

18.    Defendant Zipps Mill Avenue, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

19.    Defendant Zipps Citadelle, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

20.    Defendant Goldman Group, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

21.    Defendant Goldman Group II, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

---

[2] For simplicity purposes, and unless otherwise stated "Tipped Employees" shall refer to all employees of Defendants whose wages were subject to a tip credit of any form. This label shall apply to servers and bartenders and, if and where applicable, bussers, bar-backs, hosts, food runners, and expeditors.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-5-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

22.     Defendant Goldman Group III, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

23.     Defendant Goldman Group IV, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

24.     Defendant Goldman Group VI, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

25.     Defendant Goldman Group VII, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

26.     Defendant Goldman Group VIII, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

27.     Defendant Goldman Group IX, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

28.     Defendant Goldman Group X, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

29.     Defendant Goldman Group XI, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

30.     Defendant Goldman Group XII, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

31.     Defendant Goldman Management, Inc., is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

32.     Defendant Neighborhood Restaurants, LLC, is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

33.     Defendant H. Todd Goldman and Jane Doe Goldman I are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. H. Todd Goldman is the Owner of Zipps Sports Grill and was at all relevant times Plaintiff Lyons' and the Collective Members' employer as defined by 29 U.S.C. § 203(d). Jane Doe Goldman I is the Owner of Zipps Sports Grill.

34.     Under the FLSA, Defendants H. Todd Goldman and Jane Doe Goldman I are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants H. Todd Goldman and Jane Doe Goldman I are the owners of Zipps Sports Grill. They had the authority to hire

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Lyons' and the Collective Members' employment with Zipps Sports Grill. As persons who acted in the interest of Zipps Sports Grill in relation to the company's employees, H. Todd Goldman and Jane Doe Goldman I are subject to individual liability under the FLSA.

35.    Defendant Philip Goldman and Jane Doe Goldman II are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Philip Goldman is the Owner of Zipps Sports Grill and was at all relevant times Plaintiff Lyons' and the Collective Members' employer as defined by 29 U.S.C. § 203(d). Jane Doe Goldman II is the Owner of Zipps Sports Grill.

36.    Under the FLSA, Defendants Philip Goldman and Jane Doe Goldman II are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Philip Goldman and Jane Doe Goldman II are the owners of Zipps Sports Grill. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Lyons' and the Collective Members' employment with Zipps Sports Grill. As persons who acted in the interest of Zipps Sports Grill in relation to the company's employees, Philip Goldman and Jane Doe Goldman II are subject to individual liability under the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

37.    Defendant Mark A. Goldman and Jane Doe Goldman III are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Mark A. Goldman is the Owner of Zipps Sports Grill and was at all relevant times Plaintiff Lyons' and the Collective Members' employer as defined by 29 U.S.C. § 203(d). Jane Doe Goldman III is the Owner of Zipps Sports Grill.

38.    Under the FLSA, Defendants Mark A. Goldman and Jane Doe Goldman III are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Mark A. Goldman and Jane Doe Goldman III are the owners of Zipps Sports Grill. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff Lyons' and the Collective Members' employment with Zipps Sports Grill. As persons who acted in the interest of Zipps Sports Grill in relation to the company's employees, Mark A. Goldman and Jane Doe Goldman III are subject to individual liability under the FLSA.

39.    Plaintiff is further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

40.    Defendants, and each of them, are sued in both their individual and corporate capacities.

-9-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

41.    Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff Lyons and the Collective Members.

42.    At all relevant times, Plaintiff Lyons and the Collective Members were "employees" of Zipps Sports Grill as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

43.    The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Zipps Sports Grill.

44.    At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

45.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff Lyons' and the Collective Members' work and wages at all relevant times.

46.    Plaintiff Lyons and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

47.    At all relevant times, all Defendants were joint employers of Plaintiffs. At all relevant times, (1) Defendants were not completely disassociated with respect to the employment of Plaintiff Lyons and the Collective Members, and (2) Defendants were under common control. In any event, at all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b) and employed Plaintiff Lyons and the Collective Members.

48.    Further, at all material times, Defendants have operated as a "single enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1). That is, Defendants

perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914-15 (9th Cir. 2003).

49.    Defendants operate a chain of restaurants under the assumed name "Zipps Sports Grill." They advertise themselves as such on their website. The fact that they run each Zipps Sports Grill identically and their customers can expect the same kind of customer service regardless of the location is a significant advertising point of Defendants.

50.    Defendants represent themselves to the general public as one restaurant company–Zipps Sports Grill–operating at multiple locations. They share employees, have a common management, have a common ownership, have common ownership of the trade name "Zipps Sports Grill," pool their resources, operate from the same headquarters, share a statutory agent, and have the same operating name. This is a family of restaurants that advertises together on the same website, provides the same array of products and services to its customers, and uses the same business model. The "Zipps Sports Grill" family of restaurants exists under the control and direction of Defendants. This family of restaurants provides the same service product to its customers by using a set formula when conducting its business. Part of that set formula is the wage violations alleged in this complaint. These facts represent a classic example of "corporate fragmentation."

## COLLECTIVE ACTION ALLEGATIONS

51.    Plaintiff Lyons brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former Tipped Employees of Defendants, who are not or were not paid one and one-half times

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

their regular rates of pay for all time worked in excess of 40 hours per workweek that Defendants suffered or permitted them to work, and who Defendants failed to inform of the provisions of 29 U.S.C. § 203(m) prior to imposing a tip credit upon their wages, in violation of 29 U.S.C. §§ 206 and 207.

52.     At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiffs' and the Collective Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work and failing to inform of the provisions of 29 U.S.C. § 203(m) prior to imposing a tip credit upon their wages. Plaintiff Lyons' claims stated herein is essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff Lyons is identical or substantially similar.

53.     Plaintiff Lyons and the Collective Members were each compensated exclusively on an hourly basis for the duration of their employment with Zipps Sports Grill.

54.     In a given workweek of Plaintiff Lyons' and the Collective Members' employment with Defendants, Plaintiff Lyons and the Collective Members worked more than forty (40) hours without being compensated at the proper overtime rate for the hours worked in excess of forty (40) during that workweek.

-12-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

55.    Plaintiff Lyons and the Collective Members all worked subject to Zipps Sports Grill's policy of paying one and one-half times the maximum allowable tip credit rate, rather than one and one-half times the minimum wage less the tip credit, for all hours worked in excess of 40 hours per regular workweek.

56.    Although Defendants permitted and/or required Plaintiff and the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

57.    Additionally, Defendants failed to inform Plaintiff Lyons and the Collective Members of the provisions of 29 U.S.C. § 203(m) and 29 C.F.R. § 531.59 at any time prior to taking the tip credit and at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff Lyons' wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff Lyons and the Collective Members for all time that they worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiff Lyons and the Collective Members for the entire time they were employed by Defendants.

58.    Defendants failed, neglected, and/or refused to inform the Server Plaintiff Lyons and the Collective Members of the amount of cash wage the Defendants were paying Plaintiff Lyons and the Collective Members.

59.    Defendants failed, neglected, and/or refused to inform the Plaintiff Lyons and the Collective Members of the additional amount claimed by Defendants as a tip credit.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066,
Phoenix, AZ 85060

60.    Defendants failed, neglected, and/or refused to inform the Plaintiff Lyons and the Collective Members that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by Plaintiff Lyons and the Collective Members.

61.    Defendants failed, neglected, and/or refused to inform the Plaintiff Lyons and the Collective Members that all tips received by Plaintiff Lyons and the Collective Members were to be retained by the Plaintiff Lyons and the Collective Members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

62.    Defendants failed, neglected, and/or refused to inform Plaintiff Lyons and the Collective Members that the tip credit would not apply to any tipped employee unless the tipped employee had been informed of the tip credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

63.    The Collective Members perform or have performed the same or similar work as Plaintiff Lyons.

64.    The Collective Members regularly work or have worked in excess of forty (40) hours in a given workweek. In any event, the Collective Members were subject to Defendants' policy of failing to pay one-and-one-half times the minimum wage tip credit rate for all time their tipped employees spent working in excess of 40 hours in a given workweek.

65.    The Collective Members are not exempt from receiving overtime pay.

66.    Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

-14-

67.    While Plaintiff Lyons and Defendants have described Plaintiff Lyons' and the Collective Members' job title as server, bartender, busser, and/or bar-back, the specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

68.    All class members, irrespective of their particular job requirements and job titles, are entitled to proper compensation for hours worked in excess of forty (40) during a given workweek.

69.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

70.    As such, Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members are all of Defendants' current and former Tipped Employees–servers, bartenders, bussers, and bar-backs–employees who worked for Defendants, who were compensated on an hourly basis, who were subject to Defendants' policy of not paying at least one-and-one-half times their regular rates of pay (at least: $8.70 hourly in 2013, $8.85 hourly in 2014, and $9.08 hourly in 2015 and 2016) for all time that they worked in excess of 40 hours in a given workweek, and who were not informed by Defendants of the tip credit provisions of the FLSA prior to having the tip credit applied to their wages starting <u>three years before this lawsuit was filed up to the present</u>.**

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

71.    Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

72.    Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay (at least: $8.70 hourly in 2013, $8.85 hourly in 2014, and $9.08 hourly in 2015 and 2016) for hours worked in excess of forty (40) per workweek.

73.    Defendants are aware or should have been aware that federal law required them to inform their employees of the tip credit provisions of the FLSA, 29 U.S.C. § 203(m) prior to imposing a tip credit upon their wages.

74.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

75.    This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

76.    Upon information and belief, the individuals similarly situated to Plaintiff Lyons include more than one hundred (100) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

77.     Notice can be provided to the Collective Members via First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via telephone at the last known telephone number known to Defendants.

**FACTUAL ALLEGATIONS**

78.     Defendants own and/or operate as Zipps Sports Grill, an enterprise located in Maricopa County, Arizona.

79.     Zipps Sports Grill is an enterprise that is a bar and restaurant that serves food and drinks to customers.

80.     On approximately February 1, 2014, Plaintiff Lyons began employment with Zipps Sports Grill as a bartender, performing various repetitive tasks such as serving drinks and food to customers, tending the bar, cleaning, busing tables, and other side work.

81.     Plaintiff Lyons was not a manager. Plaintiff Lyons did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess the authority to make critical job decisions with respect to any Zipps Sports Grill employee, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

82.     Plaintiff Lyons' primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise.

83.     Rather than pay their tipped employees the applicable minimum wage, for the time Plaintiff Lyons was paid as a tipped employee, Defendants imposed a tip credit upon Plaintiff Lyons at below the applicable minimum wage.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

84.    From February 1, 2014, through September 30, 2014, Plaintiff Lyons was paid a rate of the applicable Arizona minimum wage less a tip credit of $2.65 per hour.

85.    As a result of Defendants' imposition of a tip credit, Plaintiff Lyons was forced to perform work at an hourly rate that was less than the applicable minimum wage.

86.    Defendants failed to inform Plaintiff Lyons of the provisions of 29 U.S.C. § 203(m) prior to taking the tip credit and at any time over the duration of his employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff Lyons' wages, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff Lyons for all time Plaintiff Lyons worked during the course of his regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiff Lyons for the entire time he was employed by Defendants.

87.    Additionally, in a given workweek of Plaintiff Lyons' employment with Defendants, Plaintiff Lyons worked in excess of 40 hours without being compensated one and one-half times his regular rate of pay for that workweek.

88.    Defendants' failure to pay Plaintiff one and one-half times the applicable hourly rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

89.    For example, during the workweek of March 17, 2014, Plaintiff worked in excess of 40 hours per week and was not paid at one and one half times his regular rate of pay for such time spent working in excess of 40 hours, in violation of 29 U.S.C. § 207.

90.    Plaintiff Lyons and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

91.    Plaintiff Lyons and the Collective Members were non-exempt employees.

-18-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

92.     Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

93.     Zipps Sports Grill wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay all wages due for hours Plaintiffs and the Collective Members worked.

94.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

95.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY PROPER OVERTIME RATE

96.     Plaintiff Lyons realleges and incorporates by reference all allegations in all preceding paragraphs.

97.     Plaintiff Lyons and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

98.     In a given workweek, Defendants failed to pay Plaintiff Lyons and the Collective Members one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours per week, in a given workweek.

99.     In a given workweek, during 2013, Defendants failed to pay Plaintiff Lyons and the Collective Members at least $8.70 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

100.    In a given workweek, during 2014, Defendants failed to pay Plaintiff Lyons and the Collective Members at least $8.85 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

101.    In a given workweek, during 2015, Defendants failed to pay Plaintiff Lyons and the Collective Members at least $9.08 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

102.    In a given workweek, during 2016, Defendants failed to pay Plaintiff Lyons and the Collective Members at least $9.08 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

103.    In a given workweek, during 2013, Defendants failed to pay their tipped employees at least $8.70 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

104.    In a given workweek, during 2014, Defendants failed to pay Defendants failed to pay their tipped employees at least $8.85 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

105.    In a given workweek, during 2015, Defendants failed to pay their tipped employees at least $9.08 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

106.    In a given workweek, during 2016, Defendants failed to pay their tipped employees at least $9.08 per hour for all hours worked in excess of 40 hours per week, in a given workweek.

107.    As a result of Defendants' failure to pay Plaintiff Lyons and the Collective Members one and one-half times the applicable regular rate for all hours worked in excess of 40 per week, Defendants intentionally failed and/or refused to pay Plaintiff Lyons and the Collective Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of 29 U.S.C. § 207.

108.    As a result of Defendants' willful failure to compensate Plaintiff Lyons and the Collective the applicable overtime rate for all hours worked, Defendants violated the FLSA.

109.    As such, the full applicable overtime rate is owed for all hours that Plaintiff Lyons and the Collective Members worked in excess of 40 hours per week.

110.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff Lyons and the Collective Members the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Lyons' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

111.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff Lyons and the Collective Members a wage equal to one and one half times the applicable regular rate of pay for all time Plaintiff Lyons and the Collective Members spent working for Defendants.

112.    Plaintiff Lyons and the Collective Members are therefore entitled to compensation for the difference between wages paid and the applicable overtime rate for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

1    additional equal amount as liquidated damages, together with interest, costs, and reasonable

2    attorney fees.

3        **WHEREFORE**, Plaintiff, Jason Lyons, individually, and on behalf of all other

4    similarly situated persons, respectfully request that this Court grant the following relief in

5    Plaintiff Jason Lyons' and the Collective Members' favor, and against Defendants:

6

7        A.    Designation of this action as a collective action on behalf of the FLSA

8              Collective Members (asserting FLSA claims) and prompt issuance of notice

9              pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA

10             opt-in class, apprising them of the pendency of this action, and permitting

11             them to timely assert FLSA claims in this action by filing individual Consent

12             to Sue forms pursuant to 29 U.S.C. § 216(b);

13

14       B.    For the Court to declare and find that the Defendants committed one or more

15             of the following acts:

16

17             i.    violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to

18                   pay proper overtime wages;

19             ii.   willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

20       C.    For the Court to award compensatory damages, including liquidated damages

21             pursuant to 29 U.S.C. § 216(b), to be determined at trial;

22

23       D.    For the Court to award prejudgment and post-judgment interest;

24       E.    For the Court to award Plaintiff's and the Collective Members' reasonable

25             attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all

26             other causes of action set forth herein;

27

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-22-

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

F.      For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.      Such other relief as this Court shall deem just and proper.

**COUNT TWO: FAIR LABOR STANDARDS ACT**
**FAILURE TO PROVIDE TIP CREDIT NOTICE**

113.    Plaintiff Lyons realleges and incorporates by reference all allegations in all preceding paragraphs.

114.    Defendants intentionally failed and/or refused to inform Plaintiff Lyons and the Collective Members of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

115.    Defendants intentionally failed and/or refused to pay Plaintiff Lyons and the Collective Members the full minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiff worked for Defendants, for the duration of his employment, in violation of 29 U.S.C. § 206(a).

116.    As such, full applicable minimum wage for such time Plaintiff Lyons and the Collective Members worked is owed to Plaintiff Lyons and the Collective Members for the entire time they were employed by Defendants.

117.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff Lyons and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff Lyons' and the Collective

Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

118.    Plaintiff Lyons and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Jason Lyons, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief in Plaintiff Jason Lyons' and the Collective Members' favor, and against Defendants:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages relative to their failure to inform Plaintiff Jason Lyons and the Collective Members of the tip credit provisions of 29 U.S.C. § 203(m);

ii.    willfully violated overtime provisions of the FLSA, 29 U.S.C. § 206;

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

-24-

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.    For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

G.    Such other relief as this Court shall deem just and proper.


**<u>JURY TRIAL DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED this 2nd day of February, 2016.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
*Attorney for Plaintiff*

THE BENDAU LAW FIRM, PLLC
P.O. Box 97066
Phoenix, AZ 85060